BURNS v. GOWER.

1. ADDITIONAL EXCEPTIONS allowed by this court to be taken, the grounds of the Circuit judgment having been misapprehended.
2. APPEAL FROM TRIAL JUSTICE.—On hearing an appeal from a trial justice's court in a civil case, the Circuit Court cannot review findings of fact to which no exceptions were taken.
3. IBID.—On appeal from a trial justice, the respondent may, by proper notice, urge in the Circuit Court in support of the judgment below, grounds which the trial justice had overruled, but is not bound to do so.
4. IBID.—Where the Circuit Judge considers findings of fact by a trial justice in favor of appellant to be erroneous, but no exceptions are taken thereto, and he sustains the exceptions upon the law points involved, he should either reverse the judgment below, or else order a new trial.
5. NEW TRIAL by the trial justice ordered to be granted by the Circuit Court.

Before IZLAR, J., Greenville, August, 1890.

This was an action commenced by Amanda Burns against T. C. Gower before a trial justice in August, 1889, and carried by appeal to the Circuit Court. The opinion states the case.

*Messrs. Shuman & Mayfield* and *Wells & Orr,* for appellant.

*Messrs. C. F. Dill* and *John Wingate,* contra.

June 17, 1891. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The plaintiff brought this action before a trial justice to recover the value of certain articles of personal property, which she alleged had unlawfully been taken from her by defendant. The defence was that the articles in question had been seized under a distress warrant issued to enforce the payment of rent in arrear of a certain dwelling house in the city of Greenville, which defendant alleged had been leased from him

by the plaintiff. But two questions seem to have been raised at the trial before the trial justice: 1st. Whether the plaintiff had in fact made the agreement. 2nd. Whether she had the power to make such a contract, she being a married woman at the time. The trial justice found as a matter of fact that the alleged contract was made by the plaintiff; but he held as matter of law that she, being a married woman, had no power to make the contract, and he therefore rendered judgment in favor of the plaintiff. From this judgment the defendant appealed to the Circuit Court upon numerous grounds set out in the "Case," all of which, however, so far as this appeal is concerned, substantially make the single question, whether the trial justice erred in holding that the plaintiff had no power to make the contract in question.

This appeal was heard by his honor. Judge Izlar, upon the testimony taken by the trial justice, his report of the case (all of which is set out in the "Case"), and the defendant's exceptions, there being no exception by either party to the finding of fact by the trial justice that the agreement for the rent of the premises was made by the plaintiff. Upon the hearing of this appeal, the judge granted an order in these words: "That the finding of the trial justice be confirmed, and that the appeal be dismissed." The defendant supposing, as he says, that the Circuit Judge had affirmed the findings of the trial justice, both of fact and law, gave notice of appeal to this court upon numerous grounds set out in the record, which, however, practically make the same question raised by his appeal from the judgment of the trial justice.

But when the case was submitted to the Circuit Judge for settlement, he incorporated therein certain amendments, which showed that the views of the Circuit Judge had been entirely misapprehended by the appellant, and that the Circuit Judge, while holding that the contract was such an one as the plaintiff, though a married woman, was capable of making, yet, at the same time, he was satisfied that the testimony failed to show that the contract was made by the plaintiff, and for that reason only he had affirmed the judgment of the trial justice, while not concurring in the views taken by that officer. When this amendment

11—34

was made, defendant applied to and obtained from this court leave to file additional exceptions, upon the ground that the "Case" as amended presented different questions from those which arose out of the "Case" as originally proposed. These additional exceptions are set out in the record, but as they practically present only two questions, they need not be repeated here. These questions are, .1st. Whether the Circuit Judge erred in reversing the finding of fact by the trial justice that the agreement for renting the premises was made by the plaintiff and not by her husband. 2nd. Whether the Circuit Judge erred in considering that question of fact at all in the absence of any exception to such finding, or any ground of appeal from the judgment of the trial justice raising that question.

We will consider the second question first, for if there was error on the part of the Circuit Judge in considering whether the testimony was sufficient to sustain the finding of the trial justice that the agreement for renting was in fact made by the plaintiff, then the first question cannot arise. Section 358 of the Code, as adopted in 1882, provides : "When a judgment is rendered by a trial justice * * * the appeal shall be to the Circuit Court of the county wherein the judgment was rendered. The said appeal shall be heard by the court upon all the papers in the case, including the testimony on the trial, which shall be taken down in writing and signed by the witnesses, and the grounds of exception made, without the examination of witnesses in court." It will be observed that the Code of 1882 makes a very different provision, in the section just quoted for the hearing of an appeal from the judgment of the trial justice by the Circuit Court from that prescribed by the Code as originally adopted, which practically provided that upon such appeal the case should be tried *de novo* by the Circuit Court, and therefore under that system the question now presented could not arise. Now, however, such an appeal must be heard "upon all the papers in the case, including the testimony on the trial, which shall be taken down in writing and signed by the witnesses, *and the grounds of exception made.*"

The practical question, therefore, is whether the words italicized in the clause just quoted have the effect of confining the

Circuit Court, in hearing such an appeal, to the consideration of such questions as are raised by the exceptions. If that is not the effect of those words, it is difficult, if not impossible, to conceive of any reason for the insertion of those words; and under the well settled rule of statutory construction, that a court is bound, if possible, to give some force and effect to every word found in a statute, the conclusion must be that the words in question were intended to limit the power of the Circuit Court to the consideration of such questions as are presented by the exceptions. It is manifest that the legislature, in adopting the section as it now stands, intended to provide a different system for the hearing of appeals from an inferior court by the Circuit Court from that previously established by the Code as originally adopted. If the only change intended was that in hearing such an appeal the testimony taken down in writing at the trial before the inferior court should be used, instead of examining the witnesses in the Circuit Court, as in a trial *de novo*, then the provision that the appeal shall be heard, amongst other things, upon "the grounds of exception made" becomes absolutely meaningless, and those words would have no force or effect whatever. In effect, the present provision is that the appeal "shall be heard" upon three things: 1st. All the papers in the case. 2nd. The testimony taken in writing at the trial below. 3rd. The grounds of exception made. Hence it seems to us that it would be just as admissible for the Circuit Court, in hearing the appeal, to use papers other than those in the case, or to hear other testimony than that taken at the trial, as to consider questions other than those made by the exceptions.

It is true that section 368 of the Code does provide that "upon hearing the appeal, the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits," but we cannot regard this matter as technical. It is certainly a very material matter that parties should be advised of the nature of the case which the court is called upon to determine and of the questions therein involved. In an appeal those questions are presented by the exceptions, and, in this case, it is manifest that the only question presented by the defendant's appeal from the

judgment of the trial justice, was the legal question as to the power of the plaintiff to make the contract of lease. Neither party had any reason to suppose that any other question would be considered by the court; and for all that we know, neither party was prepared to discuss, or did discuss, any other question. So that, if the appellate court should undertake to decide the case upon any other question, both parties would be taken by surprise, and the losing party would have just cause to complain that he had been condemned without an opportunity of being heard.

It is true that neither party was in a condition to raise *by appeal* the question whether the trial justice had erred in his finding of fact as to who made the contract of lease. The defendant could not do so, because the *decision* of that question was in his favor; and the plaintiff could not, because *the judgment* was in her favor; but, in analogy to the well settled practice in appeals to this court ( *Weinges* v. *Cash,* 15 S. C., 44), she might, if she had so desired, have raised the question by giving the notice indicated in that case; but she was not bound to do so. That not having been done, it seems to us that the only question before the Circuit Judge was as to whether the trial justice had erred in his conclusion of law that the contract of lease was not such a contract as a married woman had the power to make, and having determined that there was error in such conclusion, his only course was either to reverse the judgment absolutely or to order a new trial, if he thought, as he manifestly did, that there was also error in the finding of fact to which the trial justice had applied what he regarded an erroneous principle of law, as that seems to be the only legal mode by which a judgment could be rendered "according to the justice of the case."

Believing, as we do, that the only proper solution of this somewhat anomalous case is to order a new trial without prejudice, we have been careful to avoid any indication of opinion as to either of the questions mentioned above; for it is quite clear that, under the "Case" as amended, the question of law does not properly arise under this appeal, as the amendment shows that the Circuit Judge decided that question in favor of appellant; and,

as we have seen, the question of fact was not properly before the Circuit Judge, and certainly is not before us, even if we assume that we could take jurisdiction of such a question in a case like this.

The judgment of this court is, that the judgment of the Circuit Court be reversed, without prejudice, and that the case be remanded to that court with instructions to order a new trial of all the issues both of law and fact in the trial justice court.