18174

Giles P. CLEVELAND, Respondent, v. Ginevra M. CLEVELAND, Appellant

(135 S. E. (2d) 84)

*Messrs. Sam R. Watt* and *T. E. Walsh,* of Spartanburg, *for Appellant,*

588

*Messrs. J. Wright Nash* and *Thomas W. Whiteside,* of Spartanburg, *for Respondent,*

March 2, 1964.

Moss, Justice.

Giles P. Cleveland, the respondent herein, and Ginevra M. Cleveland, the appellant herein, are husband and wife. They were married in February, 1946.

The respondent, on October 6, 1958, instituted this action for a divorce *a vinculo matrimonii* on the ground of desertion. Section 20-101(2) of the Code. The appellant denied the charge of desertion and, by way of cross complaint, asked for a decree of separate maintenance and support for herself and the three children of the marriage, and for reasonable fees for her counsel.

The case was referred to the Master for Spartanburg County for a hearing and, thereafter, he filed a report in which he concluded that the husband was entitled to a di-

vorce on the ground of desertion and that the wife was not entitled to support. The Master recommended that the wife be given custody of the children and that the husband be required to pay a sum of $175.00 per month for the support of each of said children and to pay the wife's attorneys for their services the sum of $2,500.00. On exceptions to this report, the County Judge sustained the finding of the Master that the husband was entitled to a divorce and that the wife was not entitled to separate maintenance and support. He modified the report by increasing the amount allowed for the support of each child to $200.00 a month, by increasing the fee of the wife's attorneys to $3,000.00 and by further directing that the question of the time and circumstances under which the husband would be permitted to visit the children be left open in order to enable the parties to work out a satisfactory agreement, but if they were unable to do so that the visitation rights be subsequently fixed by the Court.

The wife appealed to this Court from the order of the County Judge. We reversed the holding of the County Judge upon the ground that the evidence in the husband's divorce action was insufficient to support finding of wife's desertion and that such had continued for a period of one year prior to the commencement of the action. We further held that the evidence conclusively showed that the parties separated by mutual consent and that such a separation does not constitute a desertion. We remanded the case to the Court below to determine the right of the appellant to separate maintenance and support and to determine anew the amount of support which should be allowed the children and the proper amount to be allowed the wife's attorneys for their services. *Cleveland v. Cleveland*, 238 S. C. 547, 121 S. E. (2d) 98.

After this case had been remanded to the lower Court for further proceedings, in accordance with the views expressed in our opinion, it was again referred to the Master for Spartanburg County for the purpose of determining

all issues. Prior to a hearing before the Master, the respondent abandoned his action for a divorce. This left for determination the right of the wife to separate maintenance and support and the amount thereof, the amount to be paid for the support of the children, and the fees to be allowed the wife's attorneys. The Master duly convened a hearing and after the taking of the testimony, filed his report on February 15, 1963, in which he recommended that the husband pay to the wife the sum of $200.00 per month for her separate support and maintenance; that he pay the sum of $200.00 per month for the support and maintenance of each of his children; and that he pay to the wife's attorneys an additional fee of $1,000.00 for their services. On exceptions by both parties to the report, the County Judge sustained the finding of the Master that the wife was entitled to separate maintenance and support. However, he modified the report by decreasing the amount allowed for the support of the wife to $150.00 per month and for the support of each child to $150.00 per month. He also increased the fee allowed the wife's attorneys to $1,500.00. From the aforesaid order, the wife served timely notice of appeal to this Court. The husband did not appeal.

The first question for determination is whether or not the County Judge erroneously reduced the amount fixed by the Master as reasonable support for the three children of the parties to this action. The wife contends that the husband took no exception to the recommendation of the Master as to the amount that should be awarded for the support of the three children of the marriage.

We have carefully reviewed the exceptions filed by the husband to the recommendations contained in the report of the Master. We find there is no exception which challenges the recommendation of the Master as to the amount that should be awarded for the support of the children. Since the husband did not file an exception to the report of the Master, it was not proper for the County Judge to consider a question which was not raised by an

exception to such report. The conclusion of the Master, not being challenged by a proper exception in this respect, became the law of the case. *Carsten v. Wilson,* 241 S. C. 516, 129 S. E. (2d) 431, and the authorities therein cited. In *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629, we held that where referee fixed separate maintenance and support of wife and parties did not take exception, the Trial Judge cannot disturb referee's award. We conclude that the County Judge was in error in reducing the amount recommended by the Master for the support of the three children.

The wife contends that the Court should require her husband to repay her some or all of the money spent by her for living expenses and travel expenses to Spartanburg in connection with the visitation of the children with their father during the period of time prior to the fixing of permanent support and maintenance for the children. She contends that any order for her support and that of her children should be made retroactive to cover the period of time when the husband made no contribution whatsoever for her support and provided no proper support for the three children. She asserts that during such time it was necessary for her to make three trips from San Diego, California, where she now resides, to Spartanburg, South Carolina, for the purpose of attending Court and for prosecuting legal proceedings to require the husband to support her and the children according to their needs.

The question sought to be raised by this exception was not presented before or passed upon by either the Master or the County Judge. It is, therefore, not properly before us for decision. *Green v. Green,* 237 S. C. 424, 117 S. E. (2d) 583; *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107. This exception is overruled.

The wife charges that the County Judge was in error in failing to make adequate provision for her support and maintenance. She contends that the $200.00 per month for her support and maintenance, as recommended by the Master, was the minimum needed for her support and that it was error to reduce this amount to $150.00 per month.

The amount of the award in suits for separate maintenance is for the determination of the Trial Judge in the exercise of a sound discretion. The Trial Judge must determine the amount in the exercise of a wise and just judgment under the facts disclosed by the evidence. *Hornsby v. Hornsby,* 187 S. C. 463, 198 S. E. 29.

The Master summarized the total expenses of the amount it takes to support the wife and three children. He said: "One list indicated expenses of $669-.17; another list showed expenses of $875.47; and another list, which involved the beginning of the children in school, showed expenses of $1,089.71." He also found that the husband has an income of $20,000.00 to $25,000.00 per year. The County Judge considered the income tax returns of the husband and reached the conclusion that taking an average of these returns, the husband's adjusted gross income comes to $16,404.88, upon which income tax would have to be paid. Taking into consideration the income of the husband, the amount allowed for the support of the three children and the amount allowed by the County Judge in addition thereto for the support of the wife, we conclude that the County Judge exercised a sound discretion in fixing the monthly allowance to the wife at $150.00 per month. This gives to the wife and the children a combined award of $750.00 per month or a total of $9,000.00 per year for their support and maintenance. This exception is overruled.

The record shows that the attorneys for the wife have been paid a total of $3,000.00 for their services in connection with this litigation which began in 1958. The wife now contends that the additional sum of $1,500.00, as fixed by the County Judge, as additional compensation to her attorneys, is inadequate. She asserts that the additional attorneys' fee should be $2,000.00.

We have held that the amount of the allowance of fees for the wife's counsel is addressed to the discretion of the Trial Judge. *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629. In fixing a reasonable

fee there should be taken into consideration the nature, extent and the difficulty of the services rendered, the time necessarily devoted to the matter, the professional standing of her counsel, the contingency of compensation, and the beneficial result accomplished. *Todd v. Todd,* 242 S. C. 263, 130 S. E. (2d) 552. We have carefully considered the record in this case and we conclude that the additional fee of $1,500.00, allowed by the County Judge, is a fair and reasonable sum to compensate the wife's counsel for the legal service rendered her. This fee, with the $3,000.00 previously paid, gives her counsel a total fee of $4,500.00. This exception is overruled.

Except as herein modified, the decree appealed from is affirmed and the cause is remanded for further proceedings in conformity with this opinion.

Modified and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.