18388

Margaret H. PORTER, Appellant, v. John Claude PORTER, Respondent

(143 S. E. (2d) 619)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Harry C. Walker, Esq.,* of Greenville, *for Respondent,*

August 5, 1965.

Moss, Justice.

Margaret H. Porter, the appellant herein, on January 2, 1963, instituted this action in the Juvenile and Domestic Relations Court of Greenville County for a divorce *a vinculo matrimonii* from her husband John Claude Porter, the respondent herein, on the ground of adultery; Section

20-101(1) of the 1962 Code of South Carolina. She also asked that the custody of the minor child of the marriage be awarded to her and that she be granted support and maintenance of herself and such child and an award of attorneys fees for her counsel. The answer of the respondent denied the aforesaid material allegations of the complaint.

This case was tried before the Honorable J. Wilbur Hicks, Judge of the Juvenile and Domestic Relations Court of Greenville County after the passage of the statutory waiting period required by Section 20-108 of the Code. Extensive testimony was presented to the court at five separate hearings of this case.

The undisputed testimony shows that the parties to this action were married in Media, Pennsylvania, on October 4, 1933. They became residents of Greenville County in 1946, and lived together as husband and wife until August, 1962, and both had been residents of said county for more than one year prior to the institution of this action. Two children were born of this marriage, a son, age twenty-four years, and a daughter, Peggy Jean Porter, age thirteen years, at the time of the commencement of this action.

The Trial Judge, by his decree dated July 14, 1964, granted a divorce *a vinculo matrimonii* to the appellant from the respondent because of his adulterous conduct with one Clara Orr; awarded custody of Peggy Jean Porter, the minor daughter of the parties, to the appellant with visitation rights to the respondent between the hours of 2:00 o'clock and 5:00 o'clock in the afternoon on the second and fourth Sundays of each month, and at such other times as may be mutually agreed upon by the parties; awarded alimony to the wife in the sum of $325.00 per month and support for the minor daughter in the amount of $60.00 per month, beginning on July 20, 1964; and awarded a fee for the attorneys for the wife in the amount of $750.00. To secure the payment of the aforesaid sums and to insure compliance with the aforesaid decree, the respondent was

directed to file bond with the Clerk of the Court of Common Pleas in the sum of $10,000.00.

The husband appealed from the aforesaid decree to the Circuit Court of Greenville County in accordance with the procedure set forth in Section 15-1281.32 of the 1962 Code of Laws, as amended by an Act of the General Assembly approved June 14, 1963. 53 Stats., page 594. By his exceptions he challenged the correctness of the findings made in the aforesaid decree and asserted that the Trial Judge erred (1) in finding and holding that the financial ability of the husband warrants an allowance of $325.00 per month for the support of his wife and the sum of $60.00 per month for the support of his daughter, the error being that the testimony shows that the income of the husband was such that it was impossible for him to pay this amount; (2) in granting the wife a divorce *a vinculo matrimonii*; (3) in limiting the husband's visitation rights with his minor daughter between the hours of 2:00 o'clock and 5:00 o'clock in the afternoon on the second and fourth Sundays of each month, the error being that there is nothing in the record which justifies such; and (4) in ordering the husband to file with the Clerk of the Court of Common Pleas for Greenville County a bond in the sum of $10,000.00 conditioned for his compliance with the terms of the decree of said court, the error being that the record is devoid of any testimony warranting or necessitating such a bond.

The appeal in this case was heard by the Honorable Frank Eppes, Resident Judge of the Thirteenth Circuit. By his order, dated December 23, 1964, without making findings contrary to those made by the Juvenile and Domestic Relations Court, he found (1) that the appellant was entitled to a divorce *a vinculo matrimonii* from the respondent; (2) granted the appellant custody of the minor daughter of the parties, with rights of visitation to the respondent with said minor between the hours of 2:00 o'clock P. M. Saturday and 5:00 o'clock P. M. Sunday on the second and fourth weekends of each month, and at such other times as may

be mutually agreed upon by the parties; (3) awarded alimony to the wife in the sum of $200.00 per month and support for the minor daughter in the amount of $50.00 per month, beginning January 1, 1965; and (4) awarded a fee for the attorneys for the wife in the amount of $500.00. It is from this order that the appellant prosecutes an appeal to this Court.

The first question for determination is whether the Circuit Judge erred, on appeal, in his conclusions as to the amount of alimony and attorneys fees that should be awarded to the appellant, the amount of support for the minor child and the visitation rights of the respondent when he made no findings of fact at variance to those found by the trial court.

The Greenville County Juvenile and Domestic Relations Court has original jurisdiction in divorce cases and such is concurrent with the Greenville County Court. Section 15-1281.9 of the Code. Any party aggrieved by an order or decree of the said court may appeal therefrom to the Circuit Court or to the Greenville County Court. Section 15-1281.32 of the Code, as amended. The last cited section requires, in case of appeal, that the appellant "shall state fully the grounds therefor."

It is provided in Art. V, Section 15, of the 1895 Constitution that the Court of Common Pleas "shall have appellate jurisdiction in all cases within the jurisdiction of inferior Courts, except from such inferior Courts from which the General Assembly shall provide an appeal directly to the Supreme Court." Thus, it is clear that when this case was carried by appeal from the decree of the Juvenile and Domestic Relations Court of Greenville County to the Circuit Court, the latter could only exercise appellate jurisdiction therein. Since a hearing of the case in the Circuit Court is strictly on appeal, the presiding Judge is limited to a review of, and judgment on, the evidence taken below. *Stewart v. Blease,* 4 S. C. 37; *Ex Parte White,* 33 S. C. 442, 12 S. E. 5. The Circuit Court, in hearing such an ap-

peal, is limited to the consideration of such questions as are raised by the exceptions. *Burns v. Gower,* 34 S. C. 160, 13 S. E. 331. The rule announced in the case of *Pinkussohn Cigar Co. v. Clyde Steamship Co.,* 101 S. C. 429, 85 S. E. 1060, is here pertinent. It was said:

"We do not agree with appellant that the court erred in giving due consideration to the findings of the trial court, and in not deciding the questions of fact anew from the evidence, as if there had been no findings thereon in the trial court. Appeals from the civil and criminal court of Charleston to the circuit court are heard upon the record sent up, just as appeals from magistrates' courts are heard by the circuit court. The trial on appeal is not *de novo.* The circuit judge does not see and hear the witnesses, and, as a rule, he does not know them, or their relative credibility, or the circumstances which might affect it, as well as the trial court and jury. Therefore, where the evidence is conflicting, or susceptible of more than one inference, the appellate court should give due weight to the findings of the triers of facts who had the advantages mentioned. The general rule in appellate courts is that the findings of the court below are *prima facie* correct, and the burden is upon the appellant to show that those excepted to are against the weight of the evidence."

The general rule is that in a divorce case findings of fact by a Master or Referee, concurred in by a Circuit Judge, will not be disturbed by this Court unless it appears that such findings are without evidentiary support or are against the clear preponderance of the evidence. Where the findings of fact are by the Trial Judge himself, who had an opportunity of not only considering the testimony but also of viewing the parties and the witnesses and considering their attitudes in adjudging the veracity of their testimony, as in this case, makes for a still stronger application of the rule, that his findings will not be disturbed unless it appears that such are without evidentiary support or against the clear preponderance of the evidence. *Frazier v. Frazier,* 228 S. C. 149, 89 S. E. (2d) 225.

The appellant sought a divorce from the respondent because of his adulterous conduct. The Trial Judge awarded the appellant a divorce upon this ground. This finding was affirmed by the Circuit Court and there is no appeal therefrom. Hence, there is no issue made in this Court as to the right of the appellant to a divorce upon the ground stated.

The Trial Judge found that the custody of the minor ██ daughter of the parties should be awarded to the appellant and that the respondent should have the right and privilege "of visitation at his residence" with the minor child between the hours of 2:00 o'clock and 5:00 o'clock in the afternoon on the second and fourth Sundays of each month. There was no appeal by the respondent from the award of custody to the appellant. However, the respondent did appeal from so much of the order of the Trial Judge as limited his visitation rights with his minor daughter between the aforesaid hours. The Circuit Court changed this portion of the Trial Judge's order and granted to the respondent the right and privilege of visitation with his daughter between the hours of 2:00 o'clock P. M. Saturday and 5:00 P. M. Sunday on the second and fourth weekends of each month. The appellant asserts that this change was error. The right to the custody of a child granted by a divorce decree does not usually deprive the other party of access to or visitation with his child and only under the exceptional circumstances should this right or privilege be denied, but the welfare of the child must receive the paramount consideration in the determination of this matter. The privilege of visitation must yield to the good of the child and may be denied or limited where the best interests of the child will be served thereby.

The general rule is that in determining or limiting ██ visitation rights the matter is one addressed to the Trial Court's broad discretion and that in the absence of a clear abuse of such, the order granting, denying or limiting visitation rights will not be disturbed. *Oliver v. Oliver,* 151 Mass. 349, 24 N. E. 51; *Griffin v. Griffin,* 237 N. C.

404, 75 S. E. (2d) 133; *Joslin v. Joslin,* 45 Wash. (2d) 357, 274 P. (2d) 847. There is an unappealed from finding of fact by the Trial Judge that the respondent, on or about August 29, 1962, willfully and without just cause or excuse deserted his wife and minor child and that prior and subsequent thereto he committed adultery. It is apparent that the Trial Judge, in limiting the visitation rights of the respondent, took into consideration the aforesaid conduct. The Circuit Judge, without making any contrary finding of fact and without finding that the Trial Judge abused his discretion, changed the rights of visitation as hereinabove set forth. We think that the Circuit Judge, who was exercising only appellate jurisdiction, committed error in changing such visitation rights.

As is heretofore stated, the Trial Judge awarded alimony to the appellant in the amount of $325.00 per month and support for the minor daughter in the amount of $60.00 per month. The respondent appealed from such award upon the ground that the income of the respondent was such that it was impossible for him to pay said amounts. The Circuit Judge reduced the amount of alimony to the appellant to the sum of $200.00 per month and support for the minor daughter to $50.00 per month. The appellant asserts that this was error for the reason that there was no showing before the Circuit Judge that the findings of the Judge of the Juvenile and Domestic Relations Court were without evidentiary support or against the clear preponderance of the evidence. The appellant further asserts that such reduction in alimony and support money was made without any contrary findings of fact to those made by the Trial Judge.

Our divorce statutes, Sections 20-112 and 113, permit the wife in every action for a divorce to ask for an allowance of alimony and suit money and provides that in every judgment of divorce the Court shall make such orders touching maintenance, alimony and suit money of the wife, or an allowance to be made to her, as from the circumstances of the parties and nature of the case may be fit, equitable and just.

Section 20-115 of the Code authorizes the Court to issue such orders touching the care, custody and maintenance of the minor children of the marriage as may be fit, equitable and just.

In *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323, we said:

"The financial condition of the parties is a factor to be considered in awarding permanent alimony. However, it is not the only factor. A deserted wife is not necessarily disqualified from receiving alimony merely because she is employed and earns a livelihood. 27A C. J. S. Divorce § 233(6).

" '* * * The allowance of permanent alimony is a matter of sound judicial discretion, to be exercised with reference to established principles and upon a view of all the circumstances of each particular case, such as, the estate and ability of the husband, the condition and means of the wife, and the conduct of the parties. * * *' 17 Am. Jur., Divorce and Separation, Sec. 655.

" '* * * A wife is never entitled to alimony as a matter of course; it is entirely discretionary with the court to allow her such alimony as, under the circumstances, is reasonable, just, and right, taking into consideration the amount of the husband's property, the extent to which she contributed to the accumulation thereof, the ability of each to earn money in the future, and their conduct in the past.' 17 Am. Jur., Divorce and Separation, Sec. 672."

It is the duty of the Trial Judge to determine from the evidence whether alimony should be awarded and, if so, the amount thereof. The award rests within the sound discretion of the Trial Judge and will not be disturbed on appeal unless an abuse thereof is shown. In fixing the amount, the necessities of the wife should be considered. It is proper for the Trial Judge to consider the wife's health, age, general physical condition and her earning capacity.

The respondent alleged in his answer that the appellant became mentally ill several years ago and as a result thereof

was confined to a hospital. He asserts that such illness continues and she now receives treatment for the same. The evidence shows that the wife suffers with the disease of cancer and will require medical treatment over a period of five years because of such cancer. The wife is unable physically or by training to earn a livelihood or to maintain herself or her minor child. There was testimony as to what amount of money would be required to take care of the needs and necessities of the wife and child. The Trial Judge found, and there is evidence to sustain such finding, that the wife in order to maintain her home and herself would reasonably require a sum of not less than $325.00 per month, and in addition thereto the minor child would require for her support and maintenance not less than $60.00 per month. This was the amount of alimony and support money awarded by the Trial Judge. He also found that the respondent was financially able to pay the sums set forth above for the support of his wife and child.

It appears from the record that the respondent owns no real estate but that he operates a business known as the Oasis Bar and Grill. His total income for the year 1962 was $7,341.35 This included his business and interest income. It is uncontradicted that the respondent made a personal loan of $12,000.00 in cash to Clara Orr, with whom he had been adjudicated to have committed adultery. He testified that he receives $100.00 per month in repayment of this loan. He holds a second mortgage in the amount of $5,000.00 on a residence in Greenville. He has a personal bank account, as proprietor of the Oasis Bar and Grill, in the amount of $5,-901.49 as of May 31, 1963, and an additional personal bank account of approximately $1,000.00. He has an account in a savings and loan association which has a balance of approximately $4,000.00. He owns American Investors stock which he purchased for $1,700.00.

The Trial Judge, in fixing the amount of alimony for the wife and support for the child, took into consideration the financial ability of the husband and father to pay considering

his income and his assets. The respondent, in his appeal from the award of the Trial Judge to the Circuit Court, challenges the finding that his income was such that he was able to pay the amount awarded as alimony and support.

The Circuit Judge, sitting in an appellate capacity, reduced the amount awarded by the Trial Judge as alimony and support as is hereinbefore stated. He made no contrary findings of fact nor did he hold that the findings of the Trial Judge were without evidentiary support or against the clear preponderance of the evidence. The Circuit Judge did not find that the Trial Judge had abused his discretion in fixing the amount he awarded for alimony and support money. In the absence of such a finding by the Circuit Judge he was in error in reducing the amount awarded as alimony and support. The Trial Judge's decision should have been affirmed because there was sufficient evidence to support it.

We should point out that a judicial award of the custody of a child and the fixing of visitation rights is not final and changed circumstances may authorize the change of custody or visitation rights in the future. *Moore v. Moore,* 235 S. C. 386, 111 S. E. (2d) 695; *Ex Parte Atkinson,* 238 S. C. 521, 121 S. E. (2d) 4. The Court also has the authority, under Section 20-116 of the Code, to increase, decrease or terminate, upon proper showing of a change of condition, the alimony and support payments provided for in a judgment of divorce. *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171; *Taylor v. Taylor,* 241 S. C. 462, 128 S. E. (2d) 910.

It appears from the order of the Circuit Judge that he attempted to reserve jurisdiction of the action and to accord to the parties the right to appear before the Circuit Court for a subsequent determination of the husband's ability to support the appellant and the minor child and to determine his ability to pay attorneys' fees in excess of those provided in said order. This was clearly error because the Juvenile and Domestic Relations Court had original juris-

diction of the action and the Circuit Court only had jurisdiction as an Appellate Court. It was the Juvenile and Domestic Relations Court of Greenville County that rendered the judgment of divorce and fixed alimony for the wife and the support of the minor child and the fees for the attorneys. Section 20-115 of the Code expressly provides that the divorce court may "from time to time after final judgment" make such orders touching the care, custody and maintenance of the children of the marriage as may be fit, equitable and just. Section 20-116 of the Code provides that in a divorce case that "either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments." These statutes expressly vest in the court issuing a divorce decree the power to modify or vacate its order with reference to the custody of children, and the granting of alimony and support money, and such jurisdiction is continuing and exclusive. *Clinkscales v. Clinkscales,* 243 S. C. 377, 134 S. E. (2d) 216. It follows that the Circuit Judge committed error in attempting to reserve jurisdiction of the action in the Circuit Court.

The Trial Court fixed a fee of $750.00 for the services rendered by the attorneys for the appellant. The respondent, in his appeal to the Circuit Court from the Juvenile and Domestic Relations Court of Greenville County, took no exception to this award. However, the Circuit Judge reduced such fee to $500.00. The conclusion of the Trial Judge, not being challenged by a proper exception in this respect, became the law of the case. The Circuit Judge was without authority to disturb the Trial Judge's award and was in error in reducing the attorneys' fees. *Cleveland v. Cleveland,* 243 S. C. 586, 135 S. E. (2d) 84, 1 A. L. R. (3d) 203; *Burns v. Gower,* 34 S. C. 160, 13 S. E. 331.

The respondent, in his appeal to the Circuit Court from the order of the Juvenile and Domestic Relations Court of Greenville County, asserted that the said Court erred in requiring him to file a bond in the sum

of $10,000.00 conditioned for his compliance with the terms of the Trial Court's order. A review of the Circuit Judge's order shows that he did not pass upon the question raised by this exception. Hence, the provision of the order of the Trial Court requiring the respondent to file a bond stands unreversed as the law of the case. Appellant's exception to the failure of the Circuit Court to require a bond is moot and need not be considered.

The judgment of the lower Court is reversed and this cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.