### 19797

Clyde Daniel SMITH, Respondent, v. Kathy Sue SMITH, Appellant

(204 S. E. (2d) 53)

*Marshall W. Abercrombie, Esq.,* of Laurens, *for Appellant,*

*Messrs. Mays, Bishop & Hughston,* of Greenwood, *for Respondent,*

April 2, 1974.

Moss, Chief Justice:

Clyde Daniel Smith, the respondent herein, and Kathy Sue Smith, the appellant herein, were married on February 18, 1959. Three children were born of this marriage, and at the time of the hearing their ages ranged from thirteen years to nine years.

The record shows that on March 27, 1972, the respondent petitioned the court for the right to live separate and apart from the appellant and for custody of the children. This action resulted in an order of the court granting the relief sought but giving legal custody of the children to the appellant and directing the respondent to pay $50.00 per week for the support of the three children. The appellant was also denied the right to either the title or possession of the family home for occupancy by her and the children.

The present action was instituted by the respondent against the appellant in the Family and Civil Court for Greenwood County, seeking a divorce a *vinculo matrimonii* on the ground of physical cruelty, Section 20-101(3) of the Code.

The appellant filed an answer denying the material allegations of the complaint and by way of counterclaim alleged that she was entitled to a divorce on the grounds of physical cruelty and adultery. She also sought (1) permanent custody of the minor children of the marriage; (2) support for the minor children in the sum of $80.00 per week; (3) exclusive possession and the conveyance of the respondent's interest in the family home together with the furniture and furnishings therein so that she and the minor children could have a place in which to live, in lieu of permanent alimony; (4) attorney's fees in the amount of $700; and (5) the payment of $25.00 per month medical, dental and hospital expenses for the eldest child.

The respondent, by his reply, denied the allegation of the counterclaim.

The case was heard by the Honorable J. Perrin Anderson, Judge of the Family and Civil Court for Greenwood County. After hearing the testimony he issued a decree granting the respondent a divorce a *vinculo matrimonii* on the ground of physical cruelty. He awarded the custody of the minor children to the appellant with support payments in the amount of $50.00 per week. The appellant's claim to possession of the home as her alimony was denied. No attorney's fees were awarded counsel for the appellant in this action. It is from this decree that this appeal is prosecuted.

The appellant challenges the sufficiency of the evidence to support the finding of the lower court as to physical cruelty. We must view the evidence in the light of the rule set forth in the cases of *Brown v. Brown*, 215 S. C. 502, 50 S. E. (2d) 330, 15 A. L. R. (2d) 163;

*Barstow v. Barstow,* 223 S. C. 136, 74 S. E. (2d) 541; and *Brown v. Brown,* 250 S. C. 114, 156 S. E. (2d) 641. A detailed review of the evidence in this case as to physical cruelty would serve no useful purpose. The burden was upon the husband to establish by the preponderance of the evidence the charges of physical cruelty against the wife. This Court has jurisdiction on appeal to find the facts in accordance with its view of the preponderance of the evidence. It is our view that the husband has failed to establish by the preponderance of the evidence that his wife has been guilty of physical cruelty, within the meaning of our divorce statute.

The appellant charges the trial judge with error in failing to grant her a divorce on the ground of adultery. In *Odom v. Odom,* 248 S. C. 144, 149, S. E. (2d) 353, we outlined what proof was necessary to support a finding of adultery. The burden here was upon the wife to establish by the preponderance of the evidence the charge of adultery against the husband. It is our conclusion, after reviewing the evidence in this case, that the wife has failed to establish by the preponderance of the evidence that her husband was guilty of adultery. It follows that there was no error on the part of the trial judge in refusing to grant a divorce to the wife on the ground of adultery.

It is the position of the appellant that the trial judge erred in failing to grant her more than the sum of $50.00 per week for support of her three minor children.

In the decree of May 10, 1972, granting the respondent the right to live separate and apart from the appellant, he was directed to pay $50.00 per week for the support of his three minor children. In this action the appellant alleges that she is now entitled to the sum of $80.00 per week for the support of the minor children because there has been a substantial change in circumstances since May 10, 1972.

The trial judge in this action, by his decree of March 13, 1973, found as a fact that there had been no change of conditions which would justify an increase in the child support payments. The appellant, even though she has not specifically excepted to this finding of fact, argues that there has been a change of conditions entitling her to an increase in the support payments provided for in the original decree.

The trial court has authority to increase, decrease, or terminate, upon proper showing of a change of condition, the support payments provided for in a judgment of divorce. Section 20-115 of the Code. *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171; *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619; and *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704.

We have carefully reviewed the entire record in this case and conclude that there has been a change of circumstances and conditions since the order of May 10, 1972. These changes lead us to the conclusion that the award previously made was inadequate and should be increased by the trial court and such would serve the best interest of the children here involved. Upon remand the trial court should determine the amount that is adequate to now meet the reasonable needs of the children.

There is testimony by the appellant that she is in need of additional funds for dental expenses incident to the straightening of the teeth of two of the children. In the order from which this appeal is prosecuted no consideration was given or mention made by the trial court of these dental expenses. This question should be considered and determined upon remand of this case.

The appellant charges the trial judge with error in failing to award her alimony. In the divorce action the appellant petitioned the court to grant her the possession of the home as alimony. The trial judge refused such and assigned as his reason therefore that the appellant was the person at fault in the breakup of the home. We

have heretofore concluded that the appellant was not guilty of physical cruelty entitling the respondent to a divorce. This holding, of necessity, requires a reconsideration by the trial judge of the question of whether the appellant is entitled to an award of alimony.

The appellant asked that she be awarded additional attorney's fees. It appears from the record that a temporary award of $350.00 has already been made. She suggests that a total fee of $700.00 would be a reasonable sum for the services rendered by her attorney.

Section 20-112 of the Code provides that in every action for absolute divorce the wife, whether plaintiff or defendant, may apply for allowance of a fee for her attorney and if such claim appears well founded the court shall allow a reasonable sum therefor. *Todd v. Todd,* 242 S. C. 263, 130 S. E. (2d) 552. The court below determined that the appellant's counsel was entitled to a fee for services rendered her. In fixing a fee for appellant's counsel consideration should be given to the nature, extent and difficulty of the services rendered, the time necessarily devoted to the case, the professional standing of counsel, the contingency of compensation and the beneficial result accomplished.

We have considered the entire record in this case. The opinion here demonstrates the beneficial result accomplished by counsel for the appellant and the necessity for a further appearance in the lower court. Counsel for the appellant is entitled to an additional fee for the services rendered. We remand the case to the lower court for the purpose of fixing an appropriate fee to be paid by the respondent.

The decree appealed from is reversed in part, affirmed in part, and this case remanded to the lower court for further proceedings in conformity with this opinion.

LEWIS and LITTLEJOHN, JJ., concur.

BUSSEY and BRAILSFORD, JJ., concur in part and dissent in part.

BRAILSFORD, Justice (dissenting in part):

I concur in the disposition of the issues on this appeal by the opinion of the Chief Justice, except for so much thereof as appears to hold that the divorce court lacked authority to award child support, in excess of the amount awarded in the prior action, without proof of a change of conditions warranting the increase. This was the view taken by the trial judge, who refused to consider the evidence tending to show that the allowance of $50.00 per week for the support of the three children, supplemented by the earnings of the mother, was wholly inadequate to enable her to provide a suitable home for them. This basis of judgment is made plain by the language of the decree. "(T)he first Order determined the (issue) of . . . child support. . . . There has been no change of conditions which would justify an increase in the child support payments."

The relevant section of the divorce statute, Section 20-115, Code of 1962, imposes no such limitation on the power of a divorce court to "make such orders touching the care, custody and maintenance of the children . . . as from the circumstances of the parties and the nature of the case and the best spiritual as well as other interests of the children may be fit, equitable and just." Such orders may issue "at any stage of the cause, or from time to time after final judgment. . . ." While the language of some of our decisions suggests that change of conditions must be shown to justify modification of order for child support payments, no case has been cited, and I have found none, in which the point was actually involved and decided.

Significantly, Section 20-116 does require a change of conditions as a prerequisite to an application by either party for modification of the provisions of a judgment of divorce for periodic payments of alimony. If the legislature had intended this limitation to apply to child support payments, it surely would have said so.

In any event, I am satisfied that the divorce court's authority and responsibility under Section 20-115 to weigh

the evidence and make fit, equitable and just provision for the maintenance of the children was not limited by the judgment in the prior action for legal separation. I would reverse for error in the court's contrary conclusion and remand the case for *de novo* consideration of fit, equitable and just provision for the. maintenance of the children.

BUSSEY, J., concurs.