20941

Leigh G. VENABLE, Appellant, v. C. Arthur VENABLE, Respondent.

(254 S. E. (2d) 309)

*Daniel T. Brailsford,* of *Williams & Williams,* Columbia, *for appellant.*

*L. Lewis Burke, Jr.,* Columbia, *for respondent.*

April 18, 1979.

NESS, Justice.

The sole issue presented is whether the respondent father should be permitted to visit the parties' young son. The special referee and the trial judge concluded he should be granted visitation privileges subject to certain conditions. We modify and affirm.

The parties were married in March of 1975 and had one child who is now approximately four years old. The father

admitted committing various acts of physical cruelty against appellant and the child, and a divorce was granted to the wife on that ground in May of 1978.

In recognition of respondent's impulsive and violent temper, both judges concluded he could visit with his son only at the residence of the mother, providing he is on good and proper behavior. The appellant has returned to her hometown in Connecticut, and seeks to prohibit respondent from exercising the visitation privileges granted him by the special referee and the trial judge.

The decision to terminate visitation between parent and child is a drastic one. *Grimsley v. Grimsley,* 250 S. C. 389, 158 S. E. (2d) 197 (1967). While the court certainly has the power to absolutely forbid visitation in an extreme case, that power should be sparingly used. *Grimsley, supra; Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619 (1965).

Respondent has acknowledged his explosive personality and has admitted abusing his son. While we decline to deny him the right to visit his child, that right should be restricted in order to ensure the safety of appellant and her son. Therefore, we hold that prior to visiting with the boy in appellant's home in Connecticut, respondent must notify appellant and her attorney, and must obtain permission from the family court to exercise his privilege of visitation. With this modification, the order of the trial court is affirmed.

Modified and affirmed.

LEWIS, C. J., RHODES and GREGORY, JJ., and JOHN GRIMBALL, Acting Associate Justice, concur.