**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Lacie Smith, Ronald Hill, Jr., Tracy Babb, and Brian Babb, Defendants,

Of whom Lacie Smith is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2021-000839

Appeal From Laurens County
Joseph C. Smithdeal, Family Court Judge

Unpublished Opinion No. 2022-UP-171
Submitted March 18, 2022 – Filed April 1, 2022

**AFFIRMED**

Heather Vry Scalzo, of Byford & Scalzo, LLC, of Greenville, for Appellant.

Rosemerry Felder-Commander, of South Carolina Department of Social Services, of Laurens, for Respondent.

Marcus Wesley Meetze, of Law Office of Marcus W. Meetze, LLC, of Simpsonville, for the Guardian ad Litem.

───────────────

**PER CURIAM:** Lacie Smith (Mother) appeals the family court's order granting permanent custody of her two children (collectively, Children), to their paternal aunt and uncle, Tracy Babb and Brian Babb (collectively, the Babbs); relieving the South Carolina Department of Social Services (DSS) from providing further services; and closing the case. On appeal, Mother argues the family court erred by (1) relying on a policy DSS created in contravention of the statutory policy of family reunification as set forth in section 63-1-20 of the South Carolina Code (Supp. 2021) and in violation of Mother's constitutional right to parent Children; (2) finding Mother did not substantially complete the placement plan and could not provide Children with safe and stable housing; (3) excluding Ronald Hill, Jr.'s (Father's) statement as evidence; and (4) placing restrictions on Mother's visitation that prevented her from developing relationships with Children. We affirm.

1. Mother's arguments as to whether DSS violated the statutory policy of family reunification as set forth in section 63-1-20 and Mother's constitutional right to parent are not preserved for appellate review. Therefore, we affirm the decision of the family court granting custody of Children to the Babbs. *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("It is 'axiomatic that an issue cannot be raised for the first time on appeal.'" (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *id.* ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial [court].")); *id.* ("Constitutional arguments are no exception to the preservation rules, and if not raised to the trial court, the issues are deemed waived on appeal."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (stating appellate courts "are not precluded from finding an issue unpreserved even when the parties themselves do not argue error preservation").

2. The family court did not err in finding Mother failed to substantially complete her placement plan and could not provide Children with safe and stable housing. *See Stoney v. Stoney*, 425 S.C. 47, 62, 819 S.E.2d 201, 209 (Ct. App. 2018) ("In appeals from the family court, the appellate court reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011) (stating the "*de novo* standard of review does not relieve an appellant from demonstrating error in the trial court's findings of fact"); *Stoney*, 425 S.C. at 62, 819 S.E.2d at 209

("Accordingly, [the appellate court] will affirm the decision of the family court unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by [the appellate] court."). Uncontroverted testimony at trial showed Mother had pled guilty to driving with a suspended license and had been arrested for driving with a stolen tag a few weeks prior to the hearing. Additionally, Mother had recently moved out of her father's home, despite making improvements to that home in hopes of Children's return, to set up her own residence using recently obtained housing vouchers, but Mother had not yet secured that housing at the time of the hearing. *See* S.C. Code Ann. § 63-7-1680(B) to (C) (Supp. 2021) (explaining a placement plan delineates "the changes that must occur in the home and family situation before the child can be returned" and completion of services alone is insufficient if no behavioral change has occurred).

3. Mother's argument that the family court erred in refusing to consider Father's sworn statement as evidence is not preserved for appellate review. *See State v. Holliday*, 333 S.C. 332, 338, 509 S.E.2d 280, 283 (Ct. App. 1998) ("In order to preserve an error for appellate review, a defendant must make a contemporaneous objection on a specific ground."); *Stoney v. Stoney*, 422 S.C. 593, 595 n.2, 813 S.E.2d 486, 486 n.2 (2018) (explaining "a family court's evidentiary or procedural rulings" are reviewed "using an abuse of discretion standard"); *Herron*, 395 S.C. at 465, 719 S.E.2d at 642 ("It is 'axiomatic that an issue cannot be raised for the first time on appeal.'" (quoting *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733)). Notwithstanding the preservation issue, while Father's statement corroborated Mother's testimony regarding her failed drug screen, the family court based its decision not on Mother's substance-use issues, but on her lack of housing and transportation and her continued criminal infractions. *See Recco Tape & Label Co. v. Barfield*, 312 S.C. 214, 216, 439 S.E.2d 838, 840 (1994) ("In order for [an appellate court] to reverse the trial court for erroneously excluding evidence, [the appellant] must show both the error of the ruling and resulting prejudice.").

4. The family court did not err in ordering Mother's visitation with Children be left to the Babbs' discretion. *See* S.C. Code Ann. § 63-7-20(16) (Supp. 2021) (defining legal custody to include "the right to the physical custody, care, and control of a child . . ." and "the right and duty to provide protection . . . [and] supervision . . . for a child"); *Buist v. Buist*, 399 S.C. 110, 122, 730 S.E.2d 879, 885 (Ct. App. 2012), *aff'd as modified on other grounds*, 410 S.C. 569, 766 S.E.2d 381 (2014) ("[T]he welfare and best interests of the child are the primary considerations in determining visitation."); *Porter v. Porter*, 246 S.C. 332, 340, 143 S.E.2d 619, 624

(1965) ("The privilege of visitation must yield to the good of the child and may be denied or limited where the best interests of the child will be served thereby."); *Venable v. Venable*, 273 S.C. 96, 97, 254 S.E.2d 309, 310 (1979) (stating a father's right to visit his child "should be restricted" when the father "acknowledged his explosive personality and . . . admitted abusing his son").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.