18975

William D. HOLTZCLAW, Respondent, v. Mary H. CRAWFORD, Appellant

(170 S. E. (2d) 382)

*William I. Bouton, Esq.,* of Greenville, *for Appellant,*

*Messrs. Carter & Philpot,* of Greenville, *for Respondent,*

November 4, 1969.

LEWIS, Justice.

This is a controversy betweeu divorced parents over visitation privileges of the father with their minor child and the amount that he should be required to pay for the child's support.

The parties separated and entered into an agreement on March 9, 1965 under which custody of their minor child, then age two, was granted to the mother with visitation privileges to the father, and the father required to pay the sum of $100.00 per month for the child's support. The agreement contained a stipulation that the payment for support of the child included "among the usually acceptable items of support and maintenance, the payment for someone to care for the child while the wife is away from home." The wife was either working at the time of the agreement or went to work shortly thereafter. Visitation rights of the father were confined to daylight hours on Saturday or Sunday of each week.

Subsequently, the parties were divorced under a decree dated May 27, 1966. The provisions of the foregoing agreement respecting custody, visitation, and support of the minor child were incorporated in and made a part of the divorce decree.

After the divorce decree was entered, both parties resided at Greer, South Carolina, until the remarriage of the wife on

June 17, 1967. Since that time, the wife and the child have been residing with her second husband in Greenwood, South Carolina, about 65 miles from Greer. The wife has not been employed since her remarriage.

The plaintiff-husband filed the petition in this action on or about September 11, 1967 seeking a reduction in the support payments to his child and a liberalization of visitation rights. The change in visitation privileges was sought upon the ground that at the time of the divorce decree both parties were residing in the same town, while they now reside about 65 miles apart; and that such change makes the original visitation arrangement ineffective and unreasonable. The request for a reduction in support payments was based upon the contention that the original sum of $100.00 included $40.00 for the cost of securing someone to keep the child while the wife was working; and that since the wife is not now employed, the item of $40.00 is unnecessary. The husband accordingly asked that the support payment be reduced to $60.00 per month.

The wife contested any change in the previous decree. The issues were referred to a special referee who recommended week-end visitation privileges for the father every two weeks and an arrangement for alternate custody of the child between the parties on the major holidays. The referee further recommended that, instead of $100.00 per month for support of the child, the father be required to pay $77.00 per month plus the child's medical and dental bills.

Upon exceptions by both parties to the report of the referee, the circuit judge affirmed, with slight modification, the recommendations of the referee with reference to visitation but reduced the payments for support to $60.00 per month plus all hospital expenses incurred on behalf of the child. Presumably the order of the lower court would relieve the father of the payment of all medical and dental bills except hospitalization expenses.

The determination of visitation rights of a parent with his child is a matter addressed to the trial court's discretion and in the absence of a clear abuse thereof the order granting, denying or limiting such rights will not be disturbed. *Grimsley v. Grimsley,* 250 S. C. 389, 158 S. E. (2d) 197. We find no abuse of discretion in this regard and the provisions of the order fixing visitation rights are affirmed.

With reference to the support payments, the wife testified that it required $100.00 per month to properly maintain the child, even though she was not now employed and did not have the expense of additional help as formerly required when she was working. The husband offered no proof to the contrary. In addition it appears that the husband is now receiving a monthly income of about $200.00 in excess of his earnings at the time of the original agreement and decree setting support payments at $100.00 per month. The record fails to disclose any evidence to substantiate the husband's claim that there has been such change in conditions as to justify a reduction in the support payments which he originally agreed to make. Since the provisions of the order of the lower court, reducing the amount of the monthly support payments, are without evidentiary support in the record, they are accordingly reversed.

The judgment of the court is that the provisions of the order under appeal which fix visitation rights of the husband are affirmed and those reducing the amount of support payments are reversed.

Affirmed in part and reversed in part.

Moss C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.