## 19131

Rita Millsaps McGREGOR, Appellant, v. Coy Marion McGREGOR, Jr., Respondent.

(177 S. E. (2d) 599)

*Frank A. Graham, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Cromer, Louthian & Meeting,* of Columbia, *for Respondent,*

November 24, 1970.

Moss, Chief Justice:

Rita Millsaps McGregor, the appellant herein, and Coy Marion McGregor, Jr., the respondent herein, were hereto-

fore husband and wife. There was born of this marriage a son, Thomas Lee McGregor, who was twenty-six months of age at the time of the hearing of this case in the lower court. The marriage of the parties to the action was terminated by a divorce on May 5, 1969, and the custody of the minor son was awarded to the mother, and the respondent was granted the right to visit his child at the mother's residence in Columbia, South Carolina, every weekend, but not to remove the child from the residence without the mother's prior approval in writing.

The respondent filed a petition on or about December 10, 1969, requesting more extended visitation privileges with his son, and specifically allowing him to take the child from the home of the mother at such times and periods as to the court may deem just and proper and have the said child with him in his home in Florence, South Carolina. Based upon said petition, the Honorable Legare Bates, Judge of the Richland County Court, issued an order requiring the appellant to show cause why the prayer of the petition should not be granted. The appellant duly filed a return and answer in which she demanded that the petition be dismissed and the relief requested be denied.

The matter was heard on an agreed statement of facts and the trial judge, on January 20, 1970, amended the custody and visitation provisions of the original divorce decree, whereby the father was granted the right to have his son visit with him in his home in Florence, South Carolina, the first weekend in each month thereafter. The child was to be picked up by either one of his paternal grandparents at the home of the mother in Columbia, South Carolina, at 9:00 o'clock A. M. on Saturday, and returned by them no later than 6:00 o'clock P. M. on the Sunday following. It is from this order that the appellant prosecutes this appeal.

It is stipulated that the father is twenty-eight years of age and is now a resident of Florence, South Carolina. He is engaged in construction work, being a machine operator,

and at the time of this trial was working on a job in Monroe, North Carolina, and returns home only on the weekends. The respondent has remarried since the divorce decree of May 5, 1969, and has established a suitable home with proper environment where the child can visit him. The paternal grandparents are established members of the Florence community and have a respectable home there. They are willing to be personally responsible for the welfare of the child while he is visiting the respondent.

The appellant is twenty-five years of age, residing with her parents in Richland County, South Carolina, and is now employed by a state agency. The minor child is under the care of a physician because of an asthmatic condition, and it was the opinion of the physician that the child would not be benefited, physically or emotionally, by removing him from his present home environment, even for a brief period. It also appears that there are several physicians in Florence, South Carolina, who are fully capable of treating the said child in the event of an asthmatic attack during his visits. The child was permitted to visit his paternal grandparents in Florence, South Carolina, in November, 1969, without any apparent ill effect, but upon his return home he had an asthmatic attack which required the attention of a physician.

Where the custody of a minor child is awarded to one parent by a divorce decree, it is the prevailing practice to insert in the decree a provision granting visitation rights to the parent who does not have custody. Of course, a court, in granting the custody of a minor child to one parent, has the power to deny visitation rights to the other parent when the circumstances justify such, and the rights of visitation should not be denied unless the court is convinced that such are detrimental to the best interest of the child. The estrangement of child and parent should be avoided whenever possible. In determining whether the parent who does not have custody of the child should be given visitation rights, the welfare and best interest of the child are the primary consideration. *Mixson v. Mixson*, 253 S. C. 436, 171 S. E. (2d) 581.

The general rule is that minor children, notwithstanding the divorce, are entitled to the love and companionship of both parents, and the well rounded development of a normal child demands an association with both parents. The decree, within the discretion of the court, may and, under normal circumstances, should include a provision permitting the parent deprived of their custody to visit or communicate with the children under such restrictions as the circumstances may warrant. 27B C. J. S. Divorce § 312, at page 478.

The question of determining and limiting visitation rights is one addressed to the broad discretion of the trial judge and in the absence of a clear abuse of such, the order granting, denying or limiting visitation rights will not be disturbed. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704. However, a judicial award of the custody of a child and the fixing of visitation rights is not final and changed circumstances may authorize the change of custody or visitation rights in the future. *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619.

It is the contention of the appellant that the trial judge, in amending the visitation provisions of the original divorce decree, granting the father the right to have his son visit with him in his home in Florence, South Carolina, the first weekend in each month, amounted to the granting of divided and alternating custody.

We think that the change in the visitation privileges granted to the respondent does not constitute divided or alternate custody of the child. The fact that the trial judge permits the child to visit in the home of his father for the short period of time outlined in the order must be regarded as visitation rather than a change of custody. Applicable to this situation is the statement contained in 24 Am. Jur. (2d), Divorce and Separation, sec. 809, page 920, as follows:

"Occasionally the courts use the term 'temporary custody' when they refer to an arrangement whereby the parent who

has the right to have the child with him for a few hours, days, or weeks. Generally, however, the possession of a child for such a comparatively short period of time is regarded as a 'visitation', while possession for a period of time such as a month or two, or during the summer months, is termed 'divided custody.' "

In *Holtzclaw v. Crawford*, 253 S. C. 314, 170 S. E. (2d) 382, it appears that the custody of the minor child of the marriage was granted to the mother with visitation privileges to the father. At the time of the divorce, the parents lived in Greer, South Carolina. Thereafter, the mother remarried and moved with the child to Greenwood, South Carolina, some sixty-five miles from Greer. The father of the child filed a petition seeking a liberalization of his visitation rights and asserting that the original visitation arrangement was ineffective because it was based on the fact that both parties resided in the same town, whereas, at the time of the petition they resided in different towns. The issues were referred to a special referee who recommended liberalization of the visitation rights by permitting the child to visit with his father on alternate weekends from 8 o'clock A. M. on Saturday to 5 o'clock P. M. on Sunday. The circuit court approved the recommendation of the referee and we affirmed such, finding no abuse of discretion in the order of the lower court fixing visitation privileges or rights.

The record is devoid of any evidence or contention that the respondent or the grandparents of the minor child are not fit, proper and suitable persons to have the care, temporary custody and control of the infant child during his visits to Florence, South Carolina, or that their respective homes would not be a suitable place for the child to visit.

Considering the entire record, we find no abuse of discretion on the part of the trial judge in granting the relief demanded by the respondent.

The exceptions of the appellant are overruled and. the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.