21193

Marlene KING, f/k/a Marlene K. Gardner, Respondent, v. Charles M. GARDNER, Appellant.

(265 S. E. (2d) 260)

*Carl A. Ellsworth* of *Seigler, Seigler & Earle,* Columbia, *for appellant.*

*William P. Walker, Jr.* and *Robert T. Williams,* both of *Walker, Hendrix & Williams,* Lexington, *for respondent.*

April 10, 1980.

GREGORY, Justice:

Appellant Charles M. Gardner was granted a divorce from respondent Marlene King on August 22, 1977. The decree awarded custody of their two minor children to Mr. Gardner and monthly visitation privileges to Mrs. King at the home of either Mr. Gardner or the paternal grandparents. No appeal was taken from that decree. The order herein appealed [1] found the monthly visitation described in the prior decree unreasonable, and expanded Mrs. King's visitation rights. Mr. Gardner appeals. We reverse.

Continuing jurisdiction of the matters of custody and visitation was reserved to the family court by the terms of the unappealed divorce decree and the family court was empowered to modify the rights of visitation set forth in the decree. See Section 20-3-160, Code of Laws of South Carolina (1976). Mr. Chief Justice Moss, speaking for a unanimous Court in the case of *McGregor v. McGregor,* 255 S. C. 179, 177 S. E. (2d) 599 (1970), enunciated the principles to be applied in the initial determination and subsequent modification of the non-custodial parent's visitation rights:

Where the custody of a minor child is awarded to one parent by a divorce decree, it is the prevailing practice to

---

[1] The family court issued an order supplemental to the one expanding visitation, from which appeal is also taken. For purposes of these consolidated appeals and this opinion, the original and supplemental orders are referred to jointly as the order.

insert in the decree a provision granting visitation rights to the parent who does not have custody. . . . In determining whether the parent who does not have custody of the child should be given visitation rights, the welfare and best interest of the child are the primary consideration. . . .

The question of determining and limiting visitation rights is one addressed to the broad discretion of the trial judge and in the absence of a clear abuse of such, the order granting, denying or limiting visitation rights will not be disturbed. However, a judicial award of the custody of a child and the fixing of visitation rights is not final and changed circumstances may authorize the change of custody or visitation rights in the future. (Citations omitted.)

177 S. E. (2d) at 600-601.

Thus, the initial determination of visitation is subject to appellate review where abuse of discretion is shown. *Simons v. Simons,* 263 S. C. 509, 211 S. E. (2d) 555 (1975); *McGregor, supra.* Absent an appeal of the original decree fixing the visitation rights of the noncustodial parent, visitation is still subject to continuing jurisdiction of the family court to modify rights previously established upon a showing that such modification would serve the welfare and best interests of the child. *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619 (1965); *McGregor, supra.*

There is nothing in the sparse record before us that indicates Mrs. King's situation is any different now than it was in August of 1977, when the initial determination was made, or that the children would benefit from expanded visitation. Respondent, her only witness, did not so testify. In fact, her brief testimony took up less than one page of the record and presented no basis for granting the relief sought. As well, there is no factual finding in the order itself on which the decision to modify visitation can rest. Our Family Court Rules of Practice provide:

The Order pursuant to the adjudication shall be reduced to writing as soon after the hearing as possible, but no later than 30 days, and shall set forth the salient facts upon which the order is granted, the conclusions of law, and such other data relating to the decision as the court may deem desirable. [Rule 27(3).]

With no help from either the record or the order, we are left to grope in the dark on the issue of expanded visitation.

The family court concluded the terms of visitation in the prior unappealed decree were unreasonable, and this was the only ground for its decision. While such a conclusion based on salient facts surrounding the present circumstances of the parties would support an order modifying visitation, *McGregor, supra* and *Porter, supra,* no such conclusion or finding can be made on the record before us.

The only inference to be drawn from the order is that the judge acted in the capacity of a reviewing court, in essence finding an abuse of discretion and reversing the previous family court judge on the issue of visitation rather than assessing the current situation in terms of the welfare and best interest of the children. The former is not the role of the family court. See *Ex parte State,* 263 S. C. 363, 210 S. E. (2d) 600 (1974).

It may be that the monthly visitation is unreasonable in light of today's circumstances. See *Venable v. Venable,* 273 S. C. 96, 254 S. E. (2d) 309 (1979); *Matthews v. Matthews,* 273 S. C. 130, 254 S. E. (2d) 801 (1979). However, such was neither pled, proved nor adjudicated in the present record on appeal. Accordingly, we reverse.

Respondent may petition the family court at any time for an order expanding visitation. Upon a proper showing the court will grant her petition.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.