1281

Leigh Watts BOLICK, Appellant-Respondent v.
William Robert BOLICK, Respondent-Appellant.

(376 S. E. (2d) 785)

Court of Appeals

*C. Dixon Lee, III,* of *McLaren & Lee,* Columbia, *for appellant-respondent.*

*M. A. McAlister,* Anderson, *for respondent-appellant.*

Heard Dec. 13, 1988.

Decided Jan. 23, 1989.

SHAW, Judge:

Appellant-respondent, Leigh Watts Bolick, and respondent-appellant, William Robert Bolick, both sought custody of their son, Blake. From an order awarding the parties joint custody, both parties appeal. We reverse and remand.

The parties were married on June 19, 1982. Blake was born on January 9, 1985. In August 1986, the mother moved out of the marital home and filed a petition seeking custody of Blake and a divorce on the ground of physical cruelty. The

father instituted a separate action in September 1986, seeking separate maintenance and child custody. These two actions were consolidated for trial.

Following a three day trial, the family court judge issued his order. He denied the mother a divorce finding insufficient evidence of physical cruelty, but granted the parties separate maintenance. After a detailed discussion of the evidence before him, the trial judge stated, "Under these circumstances, the court does not feel that it has the picture that will ultimately present itself, after the separation of the parties, from which it then could conclude to whom the custody of this child should be given which would be in its best interest." The judge went on to conclude it was in the best interest of the child to give joint custody to the parties with each party having the child on four month intervals.

The record is replete with allegations of inappropriate behavior on the part of both the mother and the father. The mother claimed the father had been physically violent with her on at least seven occasions. She accused him of abusing alcohol and drugs and, though he curtailed his drinking, his drug use increased. She claimed he mistreated the child and endangered the child by failing to properly watch him. The father likewise accused the mother of alcohol and drug abuse. He claimed Blake had a stronger emotional tie to him than the mother because he was patient with the child. Several friends of the father testified to occasions on which the mother was quick to lose her temper and would cause a scene. Both the mother and the father admit to past drug and alcohol use. The trial judge noted it was a matter of the "pot calling the kettle black."

Ordinarily, it is not conducive to the best interest and welfare of a child for it to be shifted and shuttled back and forth as such an arrangement is likely to cause confusion, interfere with the proper training of the child and make the child the basis of many quarrels between its custodians. *Avin v. Avin*, 272 S. C. 514, 252 S. E. (2d) 888 (1979). The best interest and welfare of the child demands that divided custody be avoided if at all possible and such will not be approved except under exceptional circumstances. *Courie v. Courie*, 288 S. C. 163, 341 S. E. (2d) 646 (Ct. App. 1986).

The trial judge did not recite any exceptional circumstances warranting an award of joint custody. The paramount consideration here is the best interest of the child. Upon a review of the record, it is clear that Blake's best interest cannot be served by dividing custody between these parties. While it appears the trial judge was simply unable to determine the best interest of the child, this court is unable to make such a determination from a record replete with accusations by both parties. Further, this court does not have the benefit of observing the witnesses in order to access their veracity and credibility.

For these reasons, we reverse the order of joint custody and remand this case for a trial de novo on the issue of custody.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.