22947

Barbara Denise ROOF, Respondent v. William Christopher ROOF, Jr., Appellant.

(378 S. E. (2d) 251)

Supreme Court

*Kellum W. Allen*, of *Taylor, Wilson, Moore, Allen & Deneen, P.A.*, West Columbia, *for appellant.*

*Jean P. Derrick*, of *Rogers, Duncan, Fullwood & Derrick*, Lexington, *for respondent.*

Heard Nov. 14, 1988.

Decided Jan. 23, 1989.

TOAL, Justice:

Barbara Denise Roof petitioned the Family Court for child custody, a legal separation and an award of separate support and maintenance from her husband, William Christopher Roof. Both parties sought equitable distribution of the marital estate. In addition, the wife sought support and insurance coverage for the minor child, a restraining order and attorney's fees. The husband also requested liberal visitation rights. The court granted the wife a legal separation, custody of the minor child, child support in the amount of $450.00 and exclusive possession of the marital residence during the minority of the parties' child. The husband was granted restricted visitation rights and the marital estate was distributed. Although separate maintenance and support was not awarded, the husband was ordered to pay one-half of the insurance, taxes and repair costs in excess of $50.00 for the marital residence. The husband appeals the grant of exclusive possession of the marital home to the wife, the restricted visitation rights and the equitable distribution.

The parties were married on June 30, 1983. They separated in February of 1987. One child, William Garrett Roof, was born of the marriage. At the time of the final decree, the child was nine months old. The child was born with a congenital condition known as Hirschsprung's disease. The child has undergone surgery in the past and will probably require surgery in the future. He has extraordinary medical expenses and will continue to be in need of special care in the future because of this condition.

The wife also has a child by a previous marriage. She receives child support from her former husband.

The husband is employed with the United Parcel Service. He earns approximately $33,000.00 a year.

The wife is employed with the Lexington County Hospital. She earns approximately $12,000 a year. In addition to working outside of the home off and on during the marriage, she also worked as a homemaker, performing almost all of the cooking and cleaning functions in the household throughout the marriage.

The lower court found that the husband subjected the wife to a pattern of repeated and brutal physical abuse. There was also a great amount of testimony concerning the husband's alcohol and/or drug use.

## A. MARITAL RESIDENCE AND COSTS

The husband argues that the trial court erred in awarding the wife exclusive possession of the marital home and requiring the husband to pay a portion of the insurance, taxes and repairs to maintain the home.

The trial court granted exclusive possession of the marital home to the wife "until the minor child graduates from high school, or if, the child attends college and lives at home, then until the child completed his college education." At that time, the house would be sold. The husband would receive 60% and the wife would receive 40% of the sale proceeds.

In an action in equity, tried by the judge alone, without a reference, on appeal this court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Townes Assoc. Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). After reviewing the record, we conclude that the facts of this case

support the award of sole possession of the marital residence to the wife rather than just exclusive possession until the child completes his education. The facts that support this award include the de minimis amount of equity in the house, the abusive conduct of the husband during the marriage and the inability of the wife to find comparable housing for herself and the minor child of the marriage.

The residence was purchased in 1985 for $65,925.00. The balance of the mortgage is $61,172.58. While the husband now claims that the value of the house is $70,000, he testified that the value was approximately $66,000 to $67,000. Based on the husband's testimony, the equity would be approximately $4,827.42 to $5,827.42 before real estate commissions and costs are deducted. Once these costs are deducted, the husband's portion of the equity would be at the most $500.00 to $1,000.00.

Marital misconduct may also be included as a factor in determining a proper award. Here, the record reveals and the trial judge found that the husband subjected the wife to a pattern of repeated and brutal physical abuse.

Finally, the Roof's baby requires special care because of his medical condition. The wife testified that the house is closely located to her day care, medical facilities and place of employment. She also testified that it would be difficult to find comparable housing in regard to size, location and cost. Therefore, we modify the equitable distribution award and grant sole possession of the house to the wife. In accordance with this award, the husband shall no longer be responsible for any portion of the insurance, taxes or repair costs for the marital residence.

During oral arguments, this court was informed that the parties have now obtained a divorce in separate proceedings. It was not disclosed, however, whether the wife was awarded alimony. We remand and direct the lower court to consider an award of alimony which would be at least sufficient to enable the wife to maintain the marital residence.

## B. VISITATION

The husband argues that the trial court erred in restricting the husband's visitation.

The trial judge granted the husband reasonable

rights of visitation to be agreed upon by the parties. The visitation was restricted by the requirement that the visitation take place in the presence of one or both of the husband's parents at their home in Lexington County. All parties live in Lexington County.

The trial judge explained in the Order his reasoning for placing limitations on the visitation rights.

> "I find that this limitation upon [Mr. Roof's] visitation is necessary, due to the physical violence of which [Mr. Roof] is capable, as shown in the testimony before me. I further find that this limitation upon visitation is necessary due to [Mr. Roof's] drinking habits."

Considering the facts and findings by the lower court, the trial judge did not abuse his discretion in placing limitations on the visitation rights of the husband.

### C. EQUITABLE DISTRIBUTION

The husband argues that the trial court erred in awarding him 60% of the marital property and income tax refund and in ordering the husband to pay all marital debts.

The record reveals that the 40%-60% division of property was well within the discretion of the lower court. While the husband was responsible for the majority of the financial contribution, the wife did work at various times during the marriage and performed almost all of the household duties. In addition, the conduct of the parties may be considered in determining a division of the property. Here, the husband's abusive conduct supports a decrease in the percentage of property awarded to him.

In regard to the marital debts, the lower court found that almost all of the debts were incurred by the husband for his personal, nonmarital use. Therefore, it is only proper that he be responsible for repayment of these debts.

### D. TRANSMUTATION

The husband argues that the doctrine of transmutation should not have been applied to some of the items of personal property.

The record reveals that most of the personal property

consisted of furniture and utensils used during the marriage. Therefore, the doctrine of transmutation was properly applied.

Furthermore, each of the parties was granted possession of most of the items they requested. The wife received property valued at approximately $6,300 and the husband's property was valued at approximately $4,800. Much of the property received by the wife consisted of furniture for the children, such as beds and a crib. The trial judge did not abuse his discretion in applying the doctrine of transmutation.

Affirmed as modified in part and remanded in part for consideration of an award of alimony to respondent.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.