THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dana Rice Ramsey,       
Respondent-Appellant,
 
 
 

v.

 
 
 
Russell Wayne Ramsey,       
Appellant-Respondent.
 
 
 

Appeal From Anderson County
Barry W. Knobel, Family Court Judge

Unpublished Opinion No. 2005-UP-321
Submitted April 1, 2005  Filed May 12, 2005

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
W. Patrick Yon, of Anderson, for Appellant-Respondent.
J. Franklin McClain, of Anderson, and Roxy Rae Beagley, of Clemson, for Respondent-Appellant.
 
 
 

PER CURIAM:  In this cross appeal, Russell Wayne Ramsey (Father) appeals the family courts order modifying visitation with his children.  Dana Rice Ramsey (Mother) appeals the portion of the family courts order awarding Father extensive visitation, requiring Mother to reimburse Fathers travel expenses, suspending Fathers child support obligation during summer visitation, and denying Mother attorneys fees and costs.  We affirm in part, reverse in part, and remand.[1]   
FACTS
In 1999, Mother and Father divorced.  The parties reached a voluntary agreement regarding custody of their two children, Travis and Lauren, which the family court incorporated into its order.  The agreement granted Mother primary custody of the children, and granted Father specific visitation that included alternate weekends, holidays, spring breaks, and two afternoons each weekday from 5:30 p.m. to 7:30 p.m.  
In June 2001, Mother moved with the children from Anderson to Bluffton.  Prior to moving, Mother sent Father several letters indicating her desire to be closer to her parents in part because her father had reoccurring bladder cancer.  Mother offered Father additional visitation with the children to compensate for the four hours of midweek visitation that would be impossible due to the distance.  Father refused to modify the midweek visitation schedule, so Mother filed this action to modify the visitation order.  Father answered and counterclaimed for custody of the two children plus attorneys fees.  
By final order, the family court denied Fathers request for custody of the children, and modified the visitation schedule to accommodate Mothers move to Bluffton.  The family court increased Fathers summer visitation from three weeks to five weeks, permitted three of the weeks to be consecutive, and eliminated Fathers support obligation during these five weeks.  The family court further provided that Father could visit the children in Bluffton whenever he wished as long as he provided Mother with at least ten days advance notice, and ordered that Mother shall fully cooperate in accommodating this visitation request.  In order to defray Fathers travel expenses if he stayed in a hotel while in Bluffton, the family court ordered Mother to reimburse Father $50 per day for a maximum of $150.  This cross-appeal follows.  
 STANDARD OF REVIEW
In appeals from the family court, we have jurisdiction to find the facts in accordance with our own view of the preponderance of the evidence.  Bannen v. Bannen, 286 S.C. 24, 26, 331 S.E.2d 379, 380 (Ct. App. 1989).  However, this broad scope of review does not require us to disregard the family courts findings.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).   Nor must we ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Murdock v. Murdock, 338 S.C. 322, 328, 526 S.E.2d 241, 245 (Ct. App. 1999).  In the absence of a clear abuse of discretion, the trial courts order limiting visitation rights will not be disturbed on appeal. Nash v. Byrd, 298 S.C. 530, 536, 381 S.E.2d 913, 916 (Ct. App. 1989)
LAW/ANALYSIS
I. Fathers Appeal
Father argues the family court erred in modifying the prior custody order by changing Fathers visitation schedule without making a specific finding of fact that a change in circumstances had occurred subsequent to the entry of the original order and in finding the move to Bluffton was in the childrens best interests.  We disagree.
The controlling consideration when awarding visitation, is the welfare and best interest of the child.  Woodall v. Woodall, 322 S.C. 7, 12, 471 S.E.2d 154, 158 (1996).  The guiding standard for modification for visitation is whether or not a change in circumstances occurred subsequent to the entry of the decree.  Ingold v. Ingold, 304 S.C. 316, 320, 404 S.E.2d 35, 37 (Ct. App. 1991).  A change in circumstances justifying a change in visitation of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the child would be served by the change.  Pitt v. Olds, 333 S.C. 478, 481, 511 S.E.2d 60, 61 (1999).   Additionally, the court may not issue an order which prohibits a custodial parent from moving his residence to a location within the State unless the court finds a compelling reason or unless the parties have agreed to such a prohibition.  S.C. Code Ann. § 20-7-420(30) (Supp. 2004).  
Although the court did not make a specific finding that a material change in circumstances had occurred to warrant modifying the visitation order, the family courts order clearly changed Fathers visitation because Mothers move to Bluffton with the children made the midweek visitation impossible.  Father argues Mothers knowledge that her father was suffering from reoccurring bouts of bladder cancer prior to the parties divorce prevents a finding the change in circumstances occurred subsequent to the entry of the original visitation order.  However, Mother testified she contemplated moving to Bluffton only after the divorce to help with her fathers care and because she began to feel alone as she had no family in the area.  Moreover, the substantial change in circumstances, Mothers move with the children to Bluffton, occurred more than a year after the entry of the decree.     
Additionally, the family court made extensive findings in determining the move to Bluffton and subsequent modification of the visitation order was in the childrens best interests.  The court found Mothers testimony and the guardian ad litems report credible.  Mother indicated the children were excelling in school, participating in extracurricular activities, developing a wide circle of new friends, and experienced no negative effects due to the move to Buffton.  The guardian ad litem reported the children were happy in Bluffton and appeared to be thriving in their current environment.  Mother has a greater income in Bluffton and a wide network of support from friends and family.  The family court found the move improved the general quality of life for Mother and the children.  Based upon the evidence presented in this case, we conclude the family court did not abuse its discretion in finding the move to Bluffton was in the childrens best interests.  Accordingly, we find no error in the family courts decision to modify the visitation order.     
II.  Mothers appeal
Mother argues the family court erred by modifying the visitation schedule to allow Father to visit the children in Bluffton whenever he wished as long as he provided Mother with at least ten days advance notice.  We remand this issue.
The issue of visitation is within the sound discretion of the family court and its findings will not be disturbed absent an abuse of that discretion. Hyde v. Hyde, 302 S.C. 280, 281, 395 S.E.2d 186, 187 (Ct. App. 1990).  At the hearing, Father testified the loss of his weekday visitation prevented him from spending quality time with the children and from being involved in their day-to-day lives.  Before the children moved to Bluffton, Father picked the children up from school, attended baseball games, and took the children to the library or the park during the week.  In an attempt to foster an enduring father-child relationship in spite of the geographical distance, the family court provided Father with the opportunity to spend extended time with the children.  The family court ordered:

In the event the father wishes to travel to Bluffton, South Carolina to visit with the children (a) during periods other than those designated above, or (b) during these designated holiday periods, he shall provide the mother with at least 10 days advance notice of his intentions, and the mother shall fully cooperate in accommodating this visitation request.

Although we understand the family courts intent in awarding Father additional visitation, we find the language of the order is not specific enough for us to determine whether the decision constituted an abuse of discretion.  Therefore, we remand the issue to the family court for a more definite ruling, including a more explicit statement regarding when Father may visit and how he must give notice.
Mother argues the family court erred by requiring Mother to reimburse Father at the rate of $50 per day with a maximum of $150 anytime he wishes to travel to Bluffton to exercise visitation.  We agree.
Our review of the record indicates Father has sufficient income to pay for any travel expenses incurred by exercising his visitation rights.  Father has a gross monthly income of $3,680.85, and Mother has a gross monthly income of $2,463.  Mother facilitated Fathers visitation by exchanging the children at a halfway point between Bluffton and Anderson, and her parents offered to vacate their home so Father may stay there when he wishes to spend the night in Bluffton.  Mother also paid for the children to fly to Anderson to visit Father.  Moreover, the family court found although Father testified that this current visitation arrangement has been financially taxing on him . . . both parties have the financial wherewithal to pay for any transportation costs.  Based upon these facts, we find the family court erred in ordering Mother to pay Fathers travel expenses.     
Mother contends the family court erred by expanding Fathers summer visitation from three weeks to five weeks and providing that three of the five weeks could be consecutive.  We disagree.  
As iterated above, the paramount consideration when awarding visitation is the best interest of the child, and the family courts findings will not be disturbed absent an abuse of discretion.  Woodall at 12, 471 S.E.2d at 154.  At the hearing before the family court, Father testified the loss of his weekday visitation had affected his relationship with his children.  Father also testified his weekend visitation was adversely affected when the children moved because he spent approximately three hours driving the children to and from Anderson.  We agree with the family courts finding it is impossible to foresee whether any visitation arrangement will be successful in maintaining a successful relationship between Father and the children.  As such, we find no abuse of discretion in the family courts decision to expand Fathers summer visitation so he can spend quality time with the children.
Mother argues the family court erred by suspending Fathers child support obligation during his five weeks of summer visitation.  We disagree.
Child support decisions are addressed to the sound discretion of the family court and will not be disturbed absent an abuse of discretion.  Engle v. Engle, 343 S.C. 444, 448, 539 S.E.2d 712, 714 (Ct. App. 2000).  In the case sub judice, the family court suspended Fathers child support obligation only during the summer visitation period.  Because the children will visit with Father for an extended period of time, Mother will be relieved of expenses she would typically incur for food and other incidentals.  Additionally, the family court is within its discretion to adjust Fathers child support obligation to help offset the higher cost of exercising visitation.  See Rice v. Rice, 335 S.C. 449, 466, 517 S.E.2d 220, 229 (Ct. App. 1999).  Accordingly, we find no abuse of discretion in the family courts decision to shift expenses to Father by suspending his child support payments during the summer visitation.  
Mother argues the family court erred by failing to award her attorneys fees and costs.  We disagree.
Ordinarily, the award of attorney fees lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. McElveen v. McElveen, 332 S.C. 583, 601, 506 S.E.2d 1, 10 (Ct. App. 1998). The factors to be considered in awarding reasonable attorney fees and costs include: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results obtained; and (6) the customary legal fees for similar services.  Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  In deciding whether to award attorneys fees, the family court should consider the parties ability to pay their own fees, the beneficial results obtained by counsel, the respective financial conditions of the parties, and the effect of the fee on each partys standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).
Mother argues the family court should have awarded attorneys fees to her because she attempted to negotiate a settlement with Father prior to filling the action, she obtained beneficial results, and Father had a greater ability to pay the fee.  However, Mother and Father each achieved beneficial results, and each party had the ability to pay his or her own fees.  Therefore, we find no abuse of discretion in the family courts decision to deny attorneys fees to both parties.    
CONCLUSION
We affirm the family courts decision to modify the visitation order.  However, we remand the portion of the order granting Father unlimited visitation rights for a more definite statement of the parties respective rights and responsibilities, and reverse the portion of the order requiring Mother to pay Fathers travel expenses.  We affirm the family courts decision to award Father five weeks of summer visitation and to suspend his child support obligation during that time.  Additionally, we find no abuse of discretion in the family courts decision to deny Mother attorneys fees.  
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.    
ANDERSON, BEATTY, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.