THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dennis Fassuliotis, Appellant,
v.
Maureen Fassuliotis, Respondent.
 
 
 

Appeal From Charleston County
Paul W. Garfinkel, Family Court Judge

Unpublished Opinion No. 2005-UP-341
Submitted April 1, 2005  Filed May 18, 2005

AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

 
 
 
Cynthia Barrier Castengera, of Newland, N.C., for Appellant.
Robert Rosen, of Charleston and Sabrina R. Grogan, of Mt. Pleasant, for Respondent.
 
 
 

PER CURIAM:  In this domestic relations action, Dennis Fassuliotis (Father) sought modification of his visitation rights.  Father appeals from the family courts order granting Maureen Fassuliotis (Mother) motion to dismiss his complaint.  Additionally, Father challenges the award of $2,800.00 in attorneys fees to Mother.  We affirm in part, reverse in part, and remand. 
FACTS
The parties were divorced in 2001 and have two children, ages eight and nine.  During the divorce litigation, the parties executed a detailed Stipulation Regarding Custody and Visitation.  This agreement was incorporated into the final divorce decree.[1]  
Pursuant to the terms of the custody and visitation agreement, the parties have joint custody of the children, with Mother having primary physical custody.  Accordingly, the children reside with Mother, but have visitation with Father every other weekend, every Wednesday afternoon, and Monday afternoons following weekends when they are with Mother.  Detailed stipulations control holiday and summer visitations.  The parties also agreed that they would be entitled to additional visitation at such other times as they may agree in writing.  
The parties further agreed that Wife must consult with Husband before making changes in the childrens schooling and extracurricular activities.  Additionally, the children are to be raised in the Greek Orthodox faith, and Father is responsible for their religious training.  Father is to consult with Mother regarding any changes in their training.  He is entitled to enroll them in Sunday school and summer Bible school for a minimum of one week per summer, provided he pays the cost and it does not conflict with their academic summer school.  
In 2002, Father commenced an action for modification of visitation and at the same time filed a motion for emergency relief requesting the family court to order Mother to trade visitation weekends with him so he could take the children to a family gathering in Connecticut.  The family court granted Father the emergency relief requested.  
In his complaint for modification of visitation, Father alleges Mother has engaged in actions that were detrimental to the best interests of the children.  Specifically, Father alleges the Mother: (1) keeps the children in daycare even though Father is available to care for them; (2) refuses to allow him to take the children to Greek Orthodox services on Sunday mornings during weekends when the children are with her; (3) refuses to allow him to take the children to Greek school on Monday afternoons when Mother has the children; (4) has refused to allow Father to take the children to family gatherings occurring during her visitation times; and (5) unilaterally removed the children from Montessori school and put them in a public school, which dismisses earlier, but refuses to allow Father to pick them up from school on his visitation days.  
Father prayed the family court grant him the right of first refusal to care for the children when Mother is at work rather than putting them in daycare or leaving them with babysitters.  Father also requested the court require Mother to give him the option of taking the children to church on Sundays and Monday afternoons when they are with her unless she notifies him within 48 hours of the event that she has alternate plans for them.  Additionally, Father asked the court to require Mother to allow him visitation for family gatherings so long as he offers Mother reasonable exchange options.  He also demanded that Mother allow him to pick up the children from school when school dismisses before the scheduled 2:30 p.m. transfer time, and that she allow him to keep the children on the day following Monday and Wednesday visitations if public school is not in session unless Mother takes the day off from work and cares for the children herself.  Finally, Father sought court-ordered mediation to resolve visitation disputes without going back to court, appointment of a guardian ad litem, and attorneys fees and costs.  
Mother filed a motion to dismiss Fathers complaint for failure to state a claim under Rule 12(b)(6), SCRCP.  After a hearing, the family court granted Mothers motion, finding that Father had failed to allege facts from which the court could find a material and substantial change affecting the welfare of the children.[2]  The family court also awarded Mother $2,800.00 in attorneys fees for defending the action.  
Father, acting pro se, filed a motion to amend the judgment, or alternatively, for a new trial.[3]  Fathers motion challenged the order of dismissal on several grounds.  In relevant part, Father argued that the order violates Rules 20 and 26, SCRFC, in that the award of attorneys fees was determined based upon financial declarations from the prior divorce action.  Father also contended that the family court failed to consider the factors required by law in determining the amount of the award and that the amount was excessive.  The family court denied the motion, but more fully set forth the basis for its award of attorney fees.  
This appeal followed.  Father raises two issues on appeal:  (1) the family court erred in dismissing his action; and (2) the family court erred in awarding Mother attorneys fees and costs. 
STANDARD OF REVIEW
Rule 2(a), SCRFC, provides that the South Carolina Rules of Civil Procedure apply when no Family Court Rule applies.  Under Rule 12(b)(6), SCRCP, a motion to dismiss may be granted when a defendant demonstrates that the plaintiff has failed to plead facts sufficient to constitute a cause of action.  Flateau v. Harrelson, 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct. App. 2003).  The family courts ruling must be based solely on the allegations on the face of the complaint.  Id. at 201-02, 584 S.E.2d at 415.  The motion should be denied if facts alleged and inferences therefrom would entitle the plaintiff to relief on any theory of the case.  Baird v. Charleston County, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999).  An appellate court applies the same standard of review as the trial court.  Williams v. Condon, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001). 
LAW/ANALYSIS
A.      Motion to Dismiss
Father first argues that the complaint alleges sufficient facts to survive Mothers motion to dismiss.  We agree in part.
A judicial order fixing visitation rights is not final, and may be modified based on changed circumstances.  McGregor v. McGregor, 255 S.C. 179, 183, 177 S.E.2d 599, 600-01 (1970).  When a court has previously established visitation, the moving party has the burden of showing a change of circumstances sufficient to warrant a change in visitation rights.  Ingold v. Ingold, 304 S.C. 316, 320, 404 S.E.2d 35, 37 (Ct. App. 1991).  
In the case sub judice, the parties agreed to detailed visitation.  While Father argues in his brief that the standard for modification of visitation should be lower than the standard for a change in custody, we can find no such distinction in the law.  The guiding standard for both situations is a change in circumstances.  See Ingold, 304 S.C. at 320, 404 S.E.2d at 37 (applying the standard to visitation); Kisling v. Allison, 343 S.C. 674, 678-79, 541 S.E.2d 273, 275-76 (Ct. App. 2001) (applying the standard to custody); see also 24A Am. Jur. 2d Divorce and Separation § 991 (2004) (providing the same standard for modification of both custody and visitation without comment).  
There are no hard and fast rules for determining when a sufficient change in circumstances has occurred to warrant modification of visitation.  Kisling, 343 S.C. at 679, 541 S.E.2d at 275.  When the non-custodial parent seeks modification in custody, two criteria must be established:  (1) there must have been a substantial change in circumstances affecting the welfare of the children; and (2) the proposed modification is in the overall best interests of the children.  Latimer v. Farmer, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004).  The change in circumstances must occur after the date of the original order setting custody and visitation.  Kisling, 343 S.C. at 679, 541 S.E.2d at 276.  
On a motion to dismiss, we must ordinarily consider only the allegations on the face of the complaint.  Flateau v. Harrelson, 355 S.C. 197, 201-02, 584 S.E.2d 413, 415 (Ct. App. 2003).  The question to be considered is whether, in the light most favorable to the plaintiff, the pleadings articulate any valid claim for relief.  Williams v. Condon, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001).  However, as noted above, the parties have, in effect, made the divorce decree and custody and visitation agreement a part of the pleadings.
Father asserts in his brief that at the time of the divorce he could not have foreseen that Mother would place the children in daycare or with a babysitter when they were with her.  He therefore requests the right of first refusal to care for the children when they would otherwise be with a babysitter or in daycare.  These allegations do not assert a change of conditions.  The pleadings reflect that Father knew Mother worked at the time of the divorce and would likely be required to work after the divorce to provide for herself and the children.  If he wanted to ensure that the children were not placed in daycare, he could have negotiated that in the settlement.  Furthermore, Father cites no law in support of his demand for a court-ordered right of first refusal.
The complaint seeks at least two hours of mediation to resolve minor visitation issues generally.  Father alleges that Mother unilaterally changed the childrens school, and that, unlike private school, the public school sometimes dismisses before 2:30 p.m., but Mother refuses to allow him to pick the children up from school when it dismisses.  The agreement specifically provides that Mother was not required to keep the children in private school, but she was to consult with Father on any changes in schooling or extracurricular activities. The agreement also provides that her failure to do so gave Father the right to require one mediation session on the issue.  The Fathers complaint claims the Mother unilaterally changed the childrens school, thus, inferentially creating the circumstance requiring the children to go to daycare after school.  We hold that these allegations are sufficient to permit the family court to find husband entitled to mediation on this issue.  We remand this issue to the family court.  Further, we caution the parties that parents awarded joint custody have a duty to act in the childrens best interests, and may not use them as pawns or clubs in their battles with each other.  Nash v. Byrd, 298 S.C. 530, 536, 381 S.E.2d 913, 916 (Ct. App. 1989).  
Father also asserts that because the decree makes him primarily responsible for the childrens religious upbringing, he should be allowed to take the children to church during Mothers visitation periods.  The agreement also states that Father is to consult with Mother on changes in religious training, and that he is entitled to enroll them in Sunday School.  While this language does not require the Mother to take them to church or Sunday school, it certainly infers that the Mother will cooperate with the Father in their religious training.  Moreover, it can be inferred from such language that the parties thought regular attendance at Sunday school and church was essential to the childrens religious training.  Construing the pleadings in the light most favorable to the Father, and giving him the benefit of reasonable inferences, we hold they set forth facts upon which a court could grant relief to the Father. 
Finally, Father seeks a modification of the agreement that would require Mother to allow him to have the children for visiting relatives and family gatherings.  The parties have already agreed to a detailed visitation schedule.  When Father sought emergency relief to take the children to an important family gathering on one of Mothers weekends, the relief was granted.  Therefore, Father alleges no circumstance now existing to warrant such a modification.  Thus, there was no error in the trial courts dismissal of this claim. 
B.      Attorneys Fees
Father also challenges the award of attorneys fees.  He argues the following on appeal: (1) the family court failed to make adequate findings of fact pursuant to Rule 26 and, more specifically, failed to require financial declarations pursuant to Rule 20 before making the award; (2) the family court failed to consider the factors required by law; and (3) Father was improperly denied his request to question Mothers counsel regarding hours spent in preparation.  An attorney fee award must be based on adequate findings of fact.  Clearly, the order of dismissal that awarded the Mother attorney fees included no findings of fact.  Nevertheless, the court made findings in its order on reconsideration.  However, in view of our decision to reverse and remand certain issues, we also reverse and remand the matter of attorney fees.
CONCLUSION
We hold that the family court improperly dismissed Fathers complaint for failure to state a cause of action as to his claims regarding the religious training of the children and the mediation of visitation issues regarding picking the children up from school prior to 2:30 p.m. on Fathers visitation days.  We further hold that in light of this decision, the award of attorneys fees should be reversed and remanded to the family court.  Based on the foregoing, the order of the family court is hereby 
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BEATTY, SHORT, JJ., and CURETON, AJ., concur

[1] At the hearing on the motion to dismiss, Mothers attorney handed up to the court a copy of the divorce decree and the agreement regarding custody and visitation.  Fathers attorney did not object.  Moreover, the trial judge indicated he would read the documents and consider them in his decision.  The effect of this is to incorporate these documents into the pleadings for Rule 12(b)(6) purposes. 
[2] We note that the order of dismissal grants the Father leave to file another complaint with this court if he believes in good faith that he can state facts sufficient to constitute a cause of action. 
[3] The order notes that Father alleged no procedural basis for his motion.  However, the motion clearly states it is based on Rules 59 and 60, SCRCP.  See Richland County v. Kaiser, 351 S.C. 89, 94, 567 S.E.2d 260, 262 (Ct. App. 2002) (holding that it is the substance of the relief sought that matters regardless of its form).  Moreover, at the motion hearing, both parties referred to Fathers motion as one for reconsideration.