**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jamie Bradsher, Respondent,

v.

Jonathan Bradsher, Appellant.

Appellate Case No. 2017-000264

———————

Appeal From Orangeburg County
Michèle Patrão Forsythe, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-278
Submitted May 8, 2019 – Filed July 31, 2019

———————

**AFFIRMED**

———————

Abigail Scudder Duffy, of Duffy Law Firm, LLC, of N. Charleston, and Megan Catherine Hunt Dell, of Dell Family Law, P.C., of Charleston, both for Appellant.

J. Michael Taylor, of Taylor/Potterfield, of Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . ."); *Lewis v. Lewis*, 392 S.C. 381, 388, 709 S.E.2d 650, 653 (2011) (noting the superior

position of the family court to make credibility determinations); *Latimer v. Farmer*, 360 S.C. 375, 380, 602 S.E.2d 32, 34 (Ct. App. 2004) ("This degree of deference is especially true in cases involving the welfare and best interests of the [children]."); *Ashburn v. Rogers*, 420 S.C. 411, 416, 803 S.E.2d 469, 471 (Ct. App. 2017) ("Consistent with this de novo review, the appellant retains the burden to show that the family court's findings are not supported by a preponderance of the evidence; otherwise, the findings will be affirmed."); *Stoney*, 422 S.C. at 596 n.2, 813 S.E.2d at 487 n.2 ("[T]he standard for reviewing a family court's evidentiary or procedural rulings . . .[is] an abuse of discretion standard."); *Taylor v. Medenica*, 324 S.C. 200, 214, 479 S.E.2d 35, 42 (1996) ("Improperly admitted [evidence] [that] is merely cumulative to other properly admitted evidence may be harmless error."); *Ingold v. Ingold*, 304 S.C. 316, 320, 404 S.E.2d 35, 37 (Ct. App. 1991) ("Whe[n] . . . [a] court has previously established [a] visitation [schedule], the moving party must show a change of circumstances to warrant a change of visitation."); *Smith v. Smith*, 386 S.C. 251, 272, 687 S.E.2d 720, 731 (Ct. App. 2009) ("The welfare and best interests of the child are the primary considerations in determining visitation."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay [her] own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.